[Cite as *Beal Bank S.S.B. v. Means*, 2011-Ohio-5922.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96252**

# BEAL BANK S.S.B.

PLAINTIFF-APPELLEE

vs.

# PHYLLIX MEANS, ET AL.

DEFENDANTS-APPELLANTS

# JUDGMENT:
# REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-679844

**BEFORE:** Kilbane, A.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 17, 2011

**ATTORNEYS FOR APPELLANTS**

Edward G. Kramer
Ryan DeYoung
Neil P. McGowan
The Fair Housing Law Clinic
3214 Prospect Avenue, East
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

David F. Hanson
David B. Bokor
John E. Codrea
Ann Marie Johnson
Matthew P. Curry
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216-5028

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendants-appellants, Phyllix Means and Ray Stovall, appeal from an order that granted summary judgment and a decree in foreclosure in favor of plaintiff-appellee, Beal Bank, S.S.B. ("Beal Bank"), in this mortgage-foreclosure action. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

**{¶ 2}** The record indicates that on January 24, 2003, the defendants executed an adjustable rate promissory note in the amount of $62,370[1] from Ameriquest Mortgage Co. in connection with their purchase of residential property located at 14910 Kingsford Avenue in Cleveland, Ohio. Also on January 24, 2003, defendants granted Ameriquest a mortgage deed to the property. Ameriquest subsequently assigned the mortgage to Credit-Based Asset Servicing and Securitization, L.L.C. of New York, New York, and Beal Bank of Plano, Texas, on March 13, 2008.

**{¶ 3}** On December 22, 2008, Beal Bank filed a complaint for foreclosure, alleging that defendants were in default of payment, and prayed for recovery of the outstanding balance of the principal in the amount of $60,455.58, plus adjusted interest in the amount of 10.624 percent per annum from February 2008. On March 6, 2009, defendants filed an answer in which they denied liability and asserted various affirmative defenses including billing errors pursuant to the Fair Credit Billing Act, 15 U.S.C. 1666(a)(3)(B), recoupment, set-off, and "other additional affirmative defenses which may become apparent or discovered in this matter." They additionally asserted counterclaims alleging predatory and racially discriminatory lending, trespass, and violations of the Fair Credit Billing Act.

**{¶ 4}** On March 17, 2009, the matter was referred to the court's foreclosure mediation program, and all discovery and motion practice was stayed pending the

---

[1]The loan was subject to a yearly interest rate of 9.990. There was also an adjustable rate rider effective February 1, 2005.

mediator's report. Mediation took place on December 17, 2009. Negotiations continued, and a follow-up mediation was held on February 26, 2010. On that date, the court issued a journal entry in which it noted that the case did not settle, and it lifted the stays on discovery and motion practice. Approximately one week later, the court issued a second entry that stated:

**{¶ 5} "Plaintiff is ordered to file a motion for summary judgment, current title work, and submit a proposed magistrate's decision no later than March 31, 2010. Failure to do so will result in this case being dismissed without prejudice at plaintiff's cost."**

{¶ 6} On March 30, 2010, Beal Bank filed a motion for a 45-day extension of time within which to file its motion for summary judgment. On April 7, 2010, the trial court granted this motion and extended the dispositive motion deadline to May 21, 2010.

{¶ 7} Beal Bank filed its motion for summary judgment on the foreclosure claims as well as defendants' counterclaims on May 20, 2010. Plaintiff argued that defendants were in default since they had failed to make required payments totaling $4,756.34, and that the default had accelerated the total amount due under the note of $60,455.58. Beal Bank also maintained that it was entitled to judgment as a matter of law on defendants' counterclaim for trespass because the property had been abandoned and, under the terms of the mortgage, plaintiff had a right to enter and "secure" the property if abandoned. Beal Bank also maintained that defendants could not establish a violation of the Fair Credit Billing Act because it claimed that the notice of default does not constitute a

"statement of obligor's account" pursuant to 15 U.S.C. 1666(a) and defendants' written notice of claimed billing error failed to set forth the reasons for the obligor's belief that an error had occurred as required under 15 U.S.C. 1666(a)(3). Finally, Beal Bank asserted that it was entitled to judgment on the counterclaims for predatory and discriminatory lending because the counterclaims consisted only of unfounded, broad-sweeping generalizations and were barred by the one-year limitations period set forth in 15 U.S.C. 1640.

{¶ 8} On June 25, 2010, defendants moved for a 90-day discovery continuance under Civ.R. 56(F). In support of the motion, defendants presented the affidavit of its counsel, Edward Kramer, who averred that the matter had been stayed pending the mediation process, and after this time, on November 23, 2009, family health issues prevented him from obtaining discovery. Specifically, Kramer averred that he had been ill and that his wife sustained injuries that required her to receive in-home care. He further averred that it was essential to depose Beal Bank in order to discover facts relevant to the counterclaim and to oppose the bank's motion for summary judgment. Appended to the request was a list of numerous Cleveland-area properties that Beal Bank had financed, as well as copies of discovery requests that defendants were prepared to serve upon plaintiff.

{¶ 9} On July 9, 2010, the trial court entered summary judgment for Beal Bank on the foreclosure complaint and defendants' counterclaims, and denied defendants' motion for a continuance. The court then referred the matter to the magistrate for findings of

fact and conclusions of law. The Magistrate concluded that, based upon the Beal Bank's "complaint, the answers filed in this action, and the evidence submitted," that Beal Bank was entitled to summary judgment. The Magistrate then made detailed findings and conclusions regarding the allegations of Beal Bank's complaint for foreclosure, including that $60,455.58 plus interest was due on the promissory note, that the conditions of the "mortgage deed have been broken and the same has become absolute," and included various sums owed to other parties. The Magistrate did not address the matters set forth in defendants' counterclaim, however, and he stated:

**{¶ 10} "[R]easonable minds can come to but one conclusion, which is adverse to Defendants, Phyllix Means and Ray Cameron Stovall, * * * and therefore grants Plaintiff's Motion for Summary Judgment on its Complaint and Defendants' Counterclaims."**

{¶ 11} Defendants objected to the magistrate's decision, and complained that the magistrate had relied upon "conclusory assertions that the Defendant has no evidence to prove its defenses and counter [sic] claims. Plaintiff failed to discharge its initial burden of demonstrating the absence of genuine issues of material fact with respect to Defendant's affirmative defenses." The court overruled defendants' objections and entered judgment in favor of Beal Bank in the amount of $60,455.58 plus interest in the amount of 10.625% per annum from February 1, 2008. The court also certified that there is no just reason for delay pursuant to Civ.R. 54(B). Defendants now appeal and assign two errors for our review.

{¶ 12} Defendants' first assignment of error states:

**"The trial court erred by not granting a continuance to defendants-appellants so that discovery could be obtained as required under Civ.R. 56(F)."**

{¶ 13} Civ.R. 56(F) provides:

**"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."**

{¶ 14} Pursuant to Civ.R. 56(F), the trial court has discretion when considering a motion for a continuance. *Frost v. Cleveland Rehab. & Special Care Ctr., Inc.*, Cuyahoga App. No. 89694, 2008-Ohio-1718. Where there is a realistic possibility that genuine issues of material fact will require jury consideration that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials. *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 461 N.E.2d 1331.

{¶ 15} The party seeking the continuance must submit affidavits that set forth a factual basis indicating the reason for the continuance. *Frost*. Where the reason set forth in the affidavit is contradicted by the record, then the trial court may properly deny the request. *Frost*.

{¶ 16} Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient. *Frost*, citing *Serrano v. McCormack Baron Mgmt.* (Dec. 7, 2000), Cuyahoga App. No. 77970, and *Schuerger v. Wehner* (June 25,

1998), Cuyahoga App. No. 72477. However, the party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. *Drake Constr. Co. v. Kemper House Mentor, Inc.*, 170 Ohio App.3d 19, 2007-Ohio-120, 865 N.E.2d 938.

{¶ 17} An appellate court reviews the trial court's ruling on a Civ.R. 56(F) motion for an extension of time to respond to a motion for summary judgment for an abuse of discretion. Id.; *Penix v. Avon Laundry & Dry Cleaners*, Cuyahoga App. No. 91355, 2009-Ohio-1362. The term "abuse of discretion" connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 18} In *Countrywide Home Loans Servicing, L.P. v. Stultz*, 161 Ohio App.3d 829, 2005-Ohio-3282, 832 N.E.2d 125, the defendants, in response to the plaintiff's motion for summary judgment in a foreclosure case, asserted that they may have been the victim of predatory lending practices and sought additional time to complete discovery in order to pursue this defense. The request was supported by an affidavit from counsel. One week later, however, and less than two weeks after the filing of plaintiff's motion for summary judgment, the court abruptly granted summary judgment without reference to defendants' motion for continuance, or the defenses and counterclaims raised by the defense. The Franklin County Court of Appeals reversed, concluding that the trial court had abused its discretion as the award of summary judgment to plaintiff had denied

defendants "a meaningful opportunity" to assert their defenses and counterclaims. The court of appeals stated:

> **"By precluding appellants from obtaining discovery, the court limited itself to consideration of the facts as they appeared in Countrywide's complaint, attached documents, and related pleadings. Obviously, if a nonmovant is denied a reasonable request for time to gather evidence that would allow him to establish a genuine issue of material fact, he will be unable to challenge the motion. Given the relatively short period of time between the filing of the summary judgment motion and the request for a continuance, the fact that the parties disagreed on at least two material issues of fact (the reasonability of the lock-out and the basis for finding a scrivener's error), and the fact that the court appeared not to have considered appellants' answer, the court's refusal to grant appellants' motion for continuance was unreasonable and, therefore, an abuse of discretion." Id. at ¶17.**

{¶ 19} Similarly, in this matter, we conclude that the trial court abused its discretion in denying defendants' motion for a continuance pursuant to Civ.R. 56(F). We note that the court stayed discovery from March 17, 2009 to February 26, 2010, and beginning in November 2009 family health issues plagued defendants' counsel. In an affidavit, counsel for defendants indicated that he "had been ill and [his] wife continues to be confined to a wheelchair and staying in a hospital bed in our livingroom because of two fractured hips suffered on November 23, 2009." The affidavit set forth a legitimate, good faith basis for the continuance.

{¶ 20} Moreover, defense counsel explained to the trial court that these factors, in addition to the stay of discovery, prevented him from conducting discovery in the short time period allotted following mediation. Defense counsel had no opportunity to explore the counterclaim of discriminatory lending practices that aided and abetted the

loan originators and inclusion of last minute, unauthorized, or erroneous contract terms. The motion for a discovery continuance was filed within the same general time as the brief in opposition would have been due, and in awarding summary judgment to Beal Bank, the trial court denied a reasonable request for time to gather evidence with which to establish a genuine issue of material fact, and therefore denied defendants a meaningful opportunity to assert their defenses and counterclaims.

{¶ 21} The trial court therefore abused its discretion in failing to view the request liberally in favor of a nonmoving party seeking discovery of evidence.

{¶ 22} Further, although we express no opinion as to the overall merits of the claims for relief, we note to the extent that the trial court found that defendants cannot prevail as a matter of law in light of the limitations period set forth in 15 U.S.C. 1640, there is an established "recoupment exception" to the limitations period. See *Miller v. Countrywide Home Loans* (S.D.Ohio 2010), 747 F.Supp.2d 947, citing *Moor v. Travelers Ins. Co.* (C.A. 5, 1986), 784 F.2d 632, 633.

{¶ 23} The first assignment of error is therefore well taken.

{¶ 24} Defendants' second assignment of error states:

**"The trial court erred in granting plaintiff's motion for summary judgment."**

{¶ 25} In light of our disposition of the first assignment of error, this assignment of error is moot.

{¶ 26} Judgment reversed and case remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
LARRY A. JONES, J., CONCUR