[Cite as *Kelm v. Ohio Dept. of Transp.*, 2013-Ohio-5933.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID KELM, Admr.

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants

Case No. 2011-09411

Judge Patrick M. McGrath

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On January 31, 2013, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On March 28, 2013, plaintiff filed a response with leave of court. On April 1, 2013, defendants filed a motion for leave to file a reply, which is GRANTED instanter. Defendants' motion for summary judgment is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff's claims arise from a motor vehicle accident that occurred on State Route 60 (SR 60) on the evening of July 12, 2009. Ryan Kelm (Kelm), age 17, was killed in the accident. Defendant filed the affidavit of Sergeant Joseph Wentworth of the Ohio State Highway Patrol, who responded to the accident. Wenthworth avers:

{¶ 5} "4.   On July 12, 2009, at approximately 10:36 p.m., Ryan Kelm was riding as a passenger with Brittany Fetter in her 1979 Chevrolet Malibu. They were traveling north on SR 60, just south of the City of [Vermilion], Ohio. Brittany Fetter's car was slowing or stopped to make a left turn onto Darrow Road when her car was rear-ended by Allison Priess, who was driving her dad's Chevrolet Silverado truck north on SR 60. The impact caused Brittany Fetter's Malibu to go left into the oncoming lane of traffic and it was struck in the passenger side by the car driven by Harrison Strickler. The impact caused Ryan Kelm to be trapped in the passenger side of the Malibu that subsequently caught fire. Ryan Kelm died at the scene as a result of his injuries and the fire." (Defendants' Exhibit A.)

{¶ 6} Plaintiff, David Kelm, brings this action on behalf of both Kelm's estate and Kelm's next of kin, alleging that Ohio Department of Transportation (ODOT) was negligent. Plaintiff contends that defendants' negligence includes: "failing to maintain [SR] 60, failing to keep said roadway in repair and free from nuisance, failing to maintain signage, failing to maintain visibility of the intersection, and failing to maintain the aforementioned intersection with a traffic control device." (Plaintiff's Complaint, ¶ 9.) Plaintiff alleges that such negligence was the proximate cause of Kelm's death.

{¶ 7} In their motion, defendants argue that Priess's negligence was the sole proximate cause of Kelm's injury and death. In response, plaintiff contends that there is a genuine issue of fact as to the proximate cause of the accident inasmuch as a road

sign alerting drivers of the upcoming intersection was hidden by foliage. Additionally, plaintiff argues that summary judgment is premature because discovery has not yet been completed and plaintiff seeks to hold any decision on defendants' motion in abeyance until the conclusion of discovery.

{¶ 8} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed decedent a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused decedent's injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶ 9} "'The term "proximate cause," is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability.'" *Strother v. Hutchinson,* 67 Ohio St.2d 282, 287 (1981), quoting *Clinger v. Duncan*, 166 Ohio St. 216, 223 (1957).

{¶ 10} "It is because what constitutes a 'natural and continuous sequence' is insusceptible of determination other than in the context of a particular case that the issue of proximate cause is ordinarily one for determination by the jury. However, *where reasonable minds could not differ with respect to the matter because the circumstances clearly indicate an obvious cause and effect relationship, the issue may be determined as a matter of law.*" (Emphasis added.) *Ornella v. Robertson*, 14 Ohio St.2d 144, 151 (1968). "'[W]here no facts are alleged justifying any reasonable inference that the acts or failure of the defendant constitute the proximate cause of the injury, there is nothing for the [trier of fact] (to decide), and, as a matter of law, judgment must be given for the defendant.'" *Sullivan v. Heritage Lounge*, 10th Dist. No. 04AP-

1261, 2005-Ohio-4675, ¶ 33, quoting *Stuller v. Price,* 10th Dist. No. 03AP-66, 2004-Ohio-4416, ¶ 70. "It is well settled that the issue of proximate cause is not subject to speculation and that conjecture as to whether a breach caused the particular damage is insufficient as a matter of law. If the plaintiff's quantity or quality of evidence on proximate cause requires speculation and conjecture to determine the cause of the event, the defendant is entitled to summary judgment as a matter of law." (Citations omitted.) *Mills v. Best Western Springdale,* 10th Dist. No. 08AP-1022, 2009-Ohio-2901, ¶ 20. Accordingly, summary judgment is appropriate where reasonable minds could not differ as to the proximate cause.

{¶ 11} In support of their motion for summary judgment, defendants filed the deposition transcript of Allison Priess from which the following uncontroverted facts are taken. On July 12, 2009, Priess spent the day riding her horse at a friend's farm. Priess remained at the farm for a bonfire with her sister and other friends. At approximately 10:00 p.m., Priess left the bonfire and began to drive to her mother's apartment in Vermilion, where Priess also lived. Priess was driving her father's Silverado truck, which she had previously driven several times. Priess stated that as she was driving north on SR 60, "I realized I had a voicemail, so I checked the voicemail on my phone, and I listened to it and then I ended the call. And then I looked down to sit it in the cup holder in the truck and when I looked back up there was a car stopped in front of me." (Priess Deposition, pg. 69.) Priess admitted that she was not watching the road when she put her cellular phone down. (Priess Deposition, pg. 74.) After placing the phone in the cup holder, Priess looked up and saw Fetter's automobile approximately two car lengths in front of her, with its brake lights on. Priess admitted that she slammed on the brakes but was unable to avoid colliding with Fetter's vehicle.

{¶ 12} Priess lives near SR 60 and she admitted that she drove that stretch of SR 60 often as it was the route she took to ride her horse as well as the route she took to visit her father who lived in Wakeman, Ohio. In fact, Priess had driven SR 60 at least

once per week since December 2008.  Priess testified that she was very familiar with SR 60 and the area where the accident occurred, including the intersection of SR 60 and Darrow Road, as well as the hill that is south of the intersection.

{¶ 13} Plaintiff cites to the Traffic Crash Report (Defendants' Exhibit A) wherein Priess told a responding officer from the State Highway Patrol that she thought the crash was caused by "how fast the intersection comes up after the hill."  Based on Priess's admissions that she was familiar with SR 60, that she knew of the intersection after the hill, and that she was looking at her phone prior to the accident, plaintiff has failed to present a genuine issue of material fact as to the proximate cause of the car accident.  The only reasonable conclusion to be drawn from the evidence is that Priess was not looking at the road immediately prior to striking Fetter's vehicle and that her negligence was the proximate cause of Kelm's death.

{¶ 14} In support of their motion, defendants filed the affidavit of Julie Cichello, who is employed as the District Traffic Engineer for ODOT District 3.  Cichello avers as follows:

{¶ 15} "2. [SR] 60 is a two-lane road going north and south.  Darrow Road is a two-lane road going east and west.  When traveling northbound on SR 60, there is a downgrade with the crest of the hill located approximately 750 feet south of the intersection.  There is a 36 inch cross-road warning sign and a "Darrow Road" road-name sign on the crest of that hill warning northbound traffic of the intersection ahead with Darrow Road."  (Defendants' Exhibit B.)

{¶ 16} Plaintiff contends that a road sign on SR 60 alerting drivers of the approaching intersection with Darrow Road was obstructed by foliage at the time of the July 12, 2009 accident, creating a genuine issue of material fact as to the proximate cause of the accident.  Attached to plaintiff's response are photographs of SR 60 showing the approach to the intersection with Darrow Road (Plaintiff's Exhibit B).  However, these photographs have not been properly authenticated pursuant to Civ.R.

56(E). While a court may consider evidence that does not comply with Civ.R. 56(C) when no objection is made on that basis, defendants have objected to the photographs offered by plaintiff in their reply brief. *See State ex rel. Gilmour Realty, Inc. v. City of Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17. The court does not know when the photographs were taken or whether they fairly and accurately depict SR 60 as it existed at the time of the accident on July 12, 2009. Therefore, the court is unable to consider the photographs attached to plaintiff's response.

{¶ 17} Priess admitted in her deposition that she was familiar with SR 60, that she knew there was a hill in the road prior to the intersection with Darrow Road, and that she drove that stretch of SR 60 at least once per week. Additionally, Priess admitted that she was not looking at the road when she set down her cell phone shortly before the accident. Inasmuch as Priess was familiar with SR 60 and the intersection with Darrow Road, the allegedly obstructed road sign would not have provided her with additional information. Accordingly, it is immaterial whether the road sign was obstructed. Plaintiff has not presented any evidence to create a genuine issue of material fact as to the proximate cause of the accident. Construing the facts in a light most favorable to plaintiff, the court finds that reasonable minds can conclude only that Preiss's inattentiveness in failing to watch the roadway was the sole proximate cause of Kelm's death. Plaintiff has failed to present any facts justifying a reasonable inference that the acts or omissions of defendants constitute the proximate cause of the injury. Accordingly, defendants are entitled to judgment as a matter of law.

{¶ 18} Lastly, plaintiff argues that summary judgment is premature inasmuch as the parties have not yet completed discovery. Plaintiff claims that this case "should not be dismissed because [plaintiff] has not yet been able to conduct the discovery necessary for appropriate prosecution of this case against ODOT. It would be inappropriate to constrict [plaintiff] to using only discovery in the [connected action],

which was limited in scope to the issues therein, to prove its case here, where the perspective and issues differ." (Plaintiff's Response, pg. 6.)

{¶ 19} Defendants filed their motion for summary judgment on January 31, 2013, and the court set a non-oral hearing on the motion for February 28, 2013. On February 21, 2013, plaintiff filed a motion for continuance of the non-oral hearing in order to conduct discovery pursuant to Civ.R. 56(F). The court granted plaintiff's motion, in part, and allowed plaintiff to respond to the motion for summary judgment by March 28, 2013. (Mar. 2, 2013 entry.) The court notes that this case was filed in July 2011, that discovery was allowed to proceed while the case was stayed during the pendency of the connected action, and that the trial order in this case was issued in August 2012.

{¶ 20} "A party need not wait until discovery is complete to move for summary judgment. In fact, Civ.R. 56(B) expressly permits a defending party to move for summary judgment 'at any time.' Civ.R. 56(F) reinforces the ability to move for summary judgment before the completion of discovery by its establishment of a mechanism by which a non-moving party may request additional time for discovery if necessary to respond to a motion for summary judgment." *Grenga v. Youngstown State Univ.,* 10th Dist. No. 11AP-165, 2011-Ohio-5621, ¶ 21. "Pursuant to Civ.R. 56(F), the trial court has discretion when considering a motion for a continuance. Where there is a realistic possibility that genuine issues of material fact will require jury consideration that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials. The party seeking the continuance must submit affidavits that set forth a factual basis indicating the reason for the continuance. Where the reason set forth in the affidavit is contradicted by the record, then the trial court may properly deny the request. Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient." (Citations omitted.) *Beal Bank S.S.B. v. Means,* 8th Dist. No. 96252, 2011-Ohio-5922, ¶ 14-16.

{¶ 21} To the extent that plaintiff's response is construed as a motion for reconsideration of its February 21, 2013 motion for continuance, the court finds that such argument is without merit. For the reasons stated above, the record shows that Priess's negligence was the sole proximate cause of Kelm's death. Plaintiff's allegations that additional time is needed to conduct discovery are insufficient to support a continuance of the non-oral hearing on defendants' motion for summary judgment. The court will not delay a ruling on defendants' motion for summary judgment when the only reasonable conclusion to be drawn is that Priess's negligence was the sole proximate cause of Kelm's injuries and death.

{¶ 22} Therefore, construing the facts most strongly in plaintiff's favor, the court finds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. All previously scheduled events are VACATED. All other pending motions are DENIED as moot. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Abby L. Botnick                          Craig D. Barclay
Neal E. Shapero                          Jeanna R. Volp
1350 Euclid Avenue, Suite 1550           William C. Becker
Cleveland, Ohio 44115-1817               Assistant Attorneys General
                                         150 East Gay Street, 18th Floor
                                         Columbus, Ohio 43215-3130

007
Filed July 19, 2013
Sent to S.C. Reporter April 30, 2014