[Cite as *Crane Serv. & Inspections, L.L.C. v. Cincinnati Specialty Underwriters Ins. Co.*, 2018-Ohio-3622.]

# IN THE COURT OF APPEALS

## TWELFTH APPELLATE DISTRICT OF OHIO

## BUTLER COUNTY

| | | |
|---|---|---|
| CRANE SERVICE & INSPECTIONS, LLC, | : | CASE NO. CA2018-01-003 |
| | : | O P I N I O N |
| Plaintiff-Appellant, | | 9/10/2018 |
| | : | |
| - vs - | : | |
| | : | |
| CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | : | |
| | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-10-2263

Graydon Head & Ritchey LLP, Daniel J. Knecht, Brian W. Fox, 312 Walnut Street, Suite 1800, Cincinnati, Ohio 45202, for plaintiff-appellant

Collins Roche Utley & Garner, Richard M. Garner, Lucas P. Baker, 655 Metro Place South, Suite 200, Dublin, OH 43017, for defendant-appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, Crane Service & Inspections, LLC ("CSI"), appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Cincinnati Specialty Underwriters Insurance Company ("Cincinnati Insurance").

**{¶ 2}** This case involves a dispute between an insurance company, Cincinnati Insurance, and its insured, CSI. At issue is whether Cincinnati Insurance acted in bad faith in the handling and payment of claims filed against CSI by a third party, Nucor Steel Marion, Inc. ("Nucor"), and whether CSI is entitled to recover attorney fees for its independent counsel.

## I. FACTS AND PROCEDURAL ANALYSIS

### A. The Nucor Litigation

**{¶ 3}** In May 2013, while CSI was performing crane-related services for Nucor, an elevated crane rolled off its rail and collapsed, causing damages. Consequently, on June 7, 2013, CSI notified Cincinnati Insurance of the incident and Nucor's potential claims against CSI. Five days later, Cincinnati Insurance responded with a reservation of rights letter, committing to proceed with an investigation of the matter. Cindy Gallaher was the assigned claim adjuster.

**{¶ 4}** In October 2014, Nucor filed a lawsuit against CSI in Marion County, Ohio (the "Marion County Case"), asserting tort and contract claims. CSI notified Cincinnati Insurance of the lawsuit. On December 4, 2014, Cincinnati Insurance responded with a second reservation of rights letter. The letter advised CSI that Cincinnati Insurance would "proceed with a complete investigation into the facts of this accident to better understand the cause of the damages and how the policy of insurance may respond to these damages," that the policy may not provide coverage for the claims, and that damages may exceed coverage. The letter further advised that CSI could retain private counsel at CSI's own expense. Finally, the letter advised CSI that Cincinnati Insurance had assigned attorneys Daniel Taylor and Rick Brown of the law firm of The Cincinnati Insurance Company to represent CSI in the Marion County Case.

**{¶ 5}** In February 2015, the Marion County Court of Common Pleas (the "Marion

trial court") issued its trial preparation order. It included an order that any additional parties be added by April 15, 2015, and set dates and deadlines, including scheduling mediation for September 28, 2016. During the pendency of the Marion County Case, another company was in the process of acquiring CSI. However, the prospective buyer indicated that it would not proceed with the acquisition until the Marion County Case was resolved. Adjuster Gallaher and attorneys Brown and Taylor were aware of this proposed acquisition of CSI.

{¶ 6} On September 21, 2016, a week before the scheduled mediation, Cincinnati Insurance moved to intervene in the Marion County Case. Cincinnati Insurance sought a declaratory judgment as to its rights and responsibilities under the insurance policy and to submit jury interrogatories relevant to that issue. However, Cincinnati Insurance also sought "to have its declaratory judgment bifurcated from the underlying claims and stayed pending the resolution of the underlying claims." The motion indicated Cincinnati Insurance's belief it owed no duty to defend or indemnify CSI against Nucor's claims but stated that Cincinnati Insurance had agreed to provide CSI with a defense, subject to a complete reservation of rights.

{¶ 7} Concerned that the assigned counsel would not oppose Cincinnati Insurance's intervention and that the intervention would disrupt mediation, CSI requested that Cincinnati Insurance retain different counsel to defend CSI in the Marion County Case. Rather than allow CSI to retain counsel of its own choosing, Cincinnati Insurance retained Thomas Green, a panel counsel for Cincinnati Insurance, who was then substituted for Brown and Taylor to defend CSI. When CSI was informed that new counsel would not oppose Cincinnati Insurance's intervention, it retained attorney Scott Jones to defend its

interests.[1]  CSI and Nucor both objected to Cincinnati Insurance's intervention.  Despite some reservations, the Marion trial court granted the motion to intervene.  The court found that the motion was timely filed given the limited purpose of the proposed intervention and Cincinnati Insurance's promise not to reopen discovery and to stay its declaratory judgment cross-claim until after the trial.

{¶ 8}  Prior to mediation, Gallaher had authorized Brown and Taylor to offer Nucor $200,000 in mediation to settle the claim.  Gallaher did not attend the mediation on September 28, 2016.  Instead, claims adjuster Sherri Bugher was sent in her place.  Prior to the commencement of mediation, Jones, Brown, and Taylor spoke with Gallaher by telephone.  Brown expressed his belief that coverage applied and his concerns that Bugher did not understand the complex facts of the case.  Without being specific, Gallaher indicated that settlement authority was now for a lesser amount than $200,000 and that Bugher "had sole authority to make offers."  Cincinnati Insurance eventually offered nothing in settlement at mediation.  Mediation proved unsuccessful.

{¶ 9}  The following day, Jones and Richard Garner, Cincinnati Insurance's coverage counsel, exchanged emails regarding Jones' representation of CSI and Cincinnati Insurance's coverage position.  Garner's September 29, 2016 email advised that "we have thoroughly analyzed coverage in this matter and are firmly convinced that there is no indemnity exposure in this matter.  Nevertheless, * * * Cincinnati [Insurance] is willing to contribute a substantial amount to a settlement offer to resolve this case."  The email further asked, "What should CSI contribute?"  A later email from Garner further advised that "defense of the file does not include responding to [Cincinnati Insurance's] coverage action."

---

1. The record shows that the day after mediation, Jones notified Cincinnati Insurance of CSI's desire to retain him as its independent counsel due to the conflict of interest between CSI and attorneys Brown and Taylor. On October 4, 2016, Cincinnati Insurance retained Thomas Green to replace Brown and Taylor in defending CSI in the Marion County Case.  After CSI retained Jones as its independent counsel, Jones represented CSI on coverage issues and Green defended CSI against Nucor's claims.

{¶ 10} On October 3, 2016, Jones demanded that the "thorough coverage" analysis be shared with CSI. Over a month later, Cincinnati Insurance provided CSI with a third reservation of rights letter setting forth its coverage position.

{¶ 11} On November 11, 2016, following a telephone pretrial conference in the Marion County Case, Garner and Bugher met with Jones and Green. Green provided his assessment of the case and what he thought it would take to settle. Bugher refused to offer the amount suggested by Green but authorized $200,000. Bugher and Garner asked CSI to make a settlement contribution. Jones advised that Cincinnati Insurance's failure to resolve this matter was costing CSI additional attorney fees and delaying its acquisition by another company. On December 5, 2016, Cincinnati Insurance settled Nucor's claims with an offer of $300,000, with no contribution from CSI. The next day, Cincinnati Insurance filed a Civ.R. 41(A) notice of dismissal of its declaratory judgment action.

### B. The Litigation between CSI and Cincinnati Insurance

{¶ 12} On October 18, 2016, during the pendency of the Marion County Case, CSI filed a complaint in the Butler County Court of Common Pleas (the "trial court") against Cincinnati Insurance for breach of contract, insurer bad faith, and injunctive relief. CSI alleged that Cincinnati Insurance breached its duty to defend and indemnify CSI when it revoked its prior communicated settlement authority and moved to intervene in the Marion County Case. CSI alleged that the foregoing created a conflict of interest between CSI and the attorneys appointed by Cincinnati Insurance to represent CSI, thus requiring CSI to retain independent counsel. CSI sought to recover attorney fees for its independent counsel.

{¶ 13} CSI subsequently initiated discovery by filing a notice of deposition on ten specific topics, including Cincinnati Insurance's coverage positions regarding the Marion County Case, the extent to which Cincinnati Insurance investigated and evaluated Nucor's

claims against CSI, and Cincinnati Insurance's decision to file its motion to intervene. Cincinnati Insurance never filed an answer to the complaint. Rather, in November 2016, Cincinnati Insurance moved to dismiss the complaint, or in the alternative, to stay the proceedings pending the resolution of the Marion County Case. Cincinnati Insurance further moved to stay discovery pending the resolution of the Marion County Case.

{¶ 14} On December 7, 2016, two days after the Marion County Case settled and one day after Cincinnati Insurance filed its Civ.R. 41(A) notice of dismissal, CSI moved the trial court to lift the discovery stay to allow the parties to proceed with discovery. CSI's motion stated that during a December 5, 2016 telephone hearing between the trial court, CSI, and Cincinnati Insurance, the "Court ordered that discovery be stayed given that the [pending Marion County Case] was scheduled to proceed to trial the next day. At the hearing, the Court also indicated that CSI could seek to have the stay lifted following the resolution of the Marion County [Case]." CSI's motion further informed the trial court, "[t]hat same afternoon, the Marion County litigation * * * was resolved short of a trial," and that Cincinnati Insurance subsequently filed a Civ.R. 41(A) notice of dismissal of its declaratory judgment on December 6, 2016.

{¶ 15} The trial court did not rule upon CSI's motion to lift the stay on discovery. Rather, noting the pendency of the Marion County Case and based upon the principle of judicial economy, the trial court granted Cincinnati Insurance's motion to stay discovery on December 13, 2016. Although the Marion County Case was by then settled, the trial court's entry further indicated, "[t]he parties may move to reopen discovery [once] the matter has been resolved in Marion County." Then, by entry filed on December 22, 2016, the trial court converted Cincinnati Insurance's motion to dismiss into a motion for summary judgment and issued a briefing schedule.

{¶ 16} Cincinnati Insurance moved for summary judgment, arguing it did not act in

bad faith or breach a contract because it was undisputed that it fully defended and indemnified CSI regarding Nucor's claims. Moreover, CSI "[was] not claiming any compensable damages." Cincinnati Insurance attached the affidavits of adjuster Bugher and attorneys Taylor, Brown, and Green to its motion for summary judgment.

{¶ 17} On February 28, 2017, CSI filed a "precautionary memorandum" in opposition to the summary judgment motion, noting that "to date, CSI has not had the opportunity to develop the record through discovery." CSI further moved for a discovery continuance under Civ.R. 56(F) and attached the affidavits of attorney Jones and Jimmy Gann, a co-owner of CSI, to the motion. The Civ.R. 56(F) motion emphasized the fact that Cincinnati Insurance had never responded to any of CSI's discovery and deposition requests, and that CSI had thus "been prohibited from conducting any discovery whatsoever to support its claims." The motion requested "the opportunity to further substantiate [CSI's claims] with documentation and testimony * * * currently * * * under the complete control of Cincinnati Insurance" so that CSI could properly oppose the motion for summary judgment.

{¶ 18} Over nine months later, by Decision and Entry filed on December 13, 2017, the trial court granted Cincinnati Insurance's motion for summary judgment. The trial court first noted that because Cincinnati Insurance defended and indemnified CSI against Nucor's claims, "[t]he only damages that can be gleaned from [CSI's complaint], apart from punitive damages, are attorney fees paid by CSI to its personal counsel." Then, "construing the facts most strongly in favor of CSI," the trial court found there were no "questions of material fact" because

> Cincinnati performed its duty to defend in Marion County and completely indemnified its insured, CSI. Cincinnati's request to intervene was granted by the court in Marion County and it would have been unreasonable for CSI to expect the attorneys assigned, and those later retained, to provide a defense to Cincinnati's motion to intervene. CSI undertook, on its own volition, [to retain] an independent counsel, which they directed

not only to defend against the motion to intervene, but also in the defense of the claims brought by NuCor [sic], for which Cincinnati was already providing.

{¶ 19} Despite stating it would "address [CSI's Civ.R. 56(F) motion] further in this Decision," the trial court never specifically addressed or ruled upon CSI's discovery continuance request under Civ.R. 56(F). Rather, upon granting summary judgment to Cincinnati Insurance, the trial court simply ordered "that any motions which have not been ruled upon be, and are hereby deemed MOOT, by entering judgment on behalf of Cincinnati, all matters have been resolved."

{¶ 20} CSI now appeals, raising two assignments of error that will be addressed in reverse order.

## II. ANALYSIS

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED BY REFUSING TO ALLOW ANY DISCOVERY PRIOR TO GRANTING CINCINNATI INSURANCE'S MOTION FOR SUMMARY JUDGMENT[.]

{¶ 23} CSI argues the trial court abused its discretion by precluding CSI from conducting and obtaining any discovery prior to granting summary judgment in favor of Cincinnati Insurance. CSI asserts that because the trial court stayed all of its attempted discovery, it was unable to adequately oppose Cincinnati Insurance's motion for summary judgment, rebut assertions made in the motion, and challenge the veracity of the sworn statements attached to the motion. CSI further argues the trial court abused its discretion when it disposed of CSI's Civ.R. 56(F) motion as moot without first conducting a hearing as expressly requested in the caption of the motion.[2]

---

2. Loc.R. 6.02(C) of the Court of Common Pleas of Butler County, General Division, provides that "All motions, shall be submitted for decision without oral argument unless the original motion or subsequent memorandum

- 8 -

{¶ 24} In Ohio, an insurer has a duty to act in good faith towards its insured in carrying out its responsibilities under the policy of insurance, including in handling and paying an insured's claim. *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272 (1983), paragraph one of the syllabus; *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 2006-Ohio-2630, ¶ 14 (2d Dist.). Even in cases where a claim is ultimately paid, an insurer's "foot-dragging" in handling and evaluating the claim or an unreasonably low settlement offer may support a bad-faith cause of action. *Drouard v. United Servs. Auto. Assn.*, 6th Dist. Lucas No. L-06-1275, 2007-Ohio-1049, ¶ 16; *Marshall v. Colonial Ins. Co.*, 7th Dist. Mahoning No. 15 MA 0169, 2016-Ohio-8155, ¶ 44.

{¶ 25} Summary judgment is properly granted in favor of an insurer on a claim of bad faith where the record is devoid of any evidence tending to show a lack of good faith on the part of an insurer. *Marshall* at ¶ 48. However, "[i]f there is evidence from which reasonable minds could differ on whether the insurer lacked good faith in denying coverage or handling the claim, summary judgment cannot be granted." *Id.*

{¶ 26} Civ.R. 56(F) provides that

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 27} Civ.R. 56(F) thus affords a party a mechanism to seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery relevant to it. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.). When a party opposing a motion for

---

either in support of or in opposition to the motion contains the wording 'Oral Argument Requested' in the caption. The Court may order oral argument on any motion."

summary judgment moves for a continuance pursuant to Civ.R. 56(F), a trial court may not grant the summary judgment motion without first considering and ruling upon the Civ.R. 56(F) motion. *See Hartwell v. Volunteers of America*, 2 Ohio App.3d 37 (10th Dist.1981); *Gumpl v. Wilkinson*, 9th Dist. Lorain No. 92CA005407, 1993 Ohio App. LEXIS 2123 (Apr. 14, 1993); *McGowan v. Stoyer*, 10th Dist. Franklin No. 02AP-263, 2002-Ohio-5410.

{¶ 28} Furthermore, while "[a] trial court maintains the discretion to manage the discovery process," such discretion is not without limits. *Kolenich* at ¶ 19; *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 592 (1996). Although unusual, an appellate court will reverse a discovery order when the trial court has erroneously denied or limited discovery. *Mauzy* at 592. Thus, "an appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." *Id.*

{¶ 29} We find the trial court abused its discretion in failing to address CSI's Civ.R. 56(F) motion and in precluding CSI from conducting and obtaining any discovery prior to granting summary judgment in favor of Cincinnati Insurance.

{¶ 30} A trial court cannot require the party opposing a motion for summary judgment to produce rebuttal evidence and at the same time deny that party an opportunity to discover that evidence. *All Erection & Crane Rental Corp. v. Bucheit*, 7th Dist. Mahoning No. 05 MA 16, 2006-Ohio-889, ¶ 53. A trial court must afford the parties adequate opportunity to complete discovery before it may rule on summary judgment. *Moore v. Trumbull Mem. Hosp.*, 11th Dist. Trumbull No. 2015-T-0020, 2016-Ohio-1366, ¶ 25. However, that did not happen in this case as no discovery was ever permitted regarding CSI's claims against Cincinnati Insurance.

{¶ 31} The record first shows that Cincinnati Insurance never filed an answer to CSI's complaint and never responded to any of CSI's discovery and deposition requests. Indeed,

after CSI filed its complaint and a notice of deposition, Cincinnati Insurance immediately moved to dismiss the complaint or stay discovery. A month later, the trial court granted the motion to stay discovery. In staying discovery, the trial court expressly stated that the parties could move to reopen discovery once the matter had been resolved in the Marion County Case. Yet, when CSI moved to lift the discovery stay after the Marion County Case was settled, the trial court never acted on CSI's motion. The trial court then swiftly ordered that Cincinnati Insurance's motion to dismiss proceed as a motion for summary judgment. After Cincinnati Insurance filed its motion for summary judgment, CSI once again sought relief from the stay of discovery and filed its Civ.R. 56(F) motion, emphasizing that thus far, it had been "prohibited from conducting any discovery * * * to support its claims." Over nine months later, the trial court granted summary judgment in favor of Cincinnati Insurance. The trial court never addressed CSI's Civ.R. 56(F) motion and its request for a hearing. Rather, as a secondary matter within its entry granting summary judgment, the court simply ordered that all pending motions be "deemed MOOT, by entering judgment on behalf of [Cincinnati Insurance], all matters have been resolved."[3]

{¶ 32} The foregoing shows that the trial court stayed discovery from the commencement of the litigation between CSI and Cincinnati Insurance until it rendered judgment in favor of Cincinnati Insurance. Once the Marion County Case was resolved, the trial court promptly converted Cincinnati Insurance's motion to dismiss into a motion for summary judgment, doing so before any discovery had been conducted. Thereafter, the trial court never lifted its discovery stay, never acted upon CSI's request to lift the discovery stay, and never considered CSI's Civ.R. 56(F) motion which remained pending for more

---

3. We dispute Cincinnati Insurance's assertion that the trial court denied the Civ.R. 56(F) motion. The trial court never addressed the motion nor ruled upon it. Rather, it simply deemed the motion moot. *See State v. Bristow*, 3d Dist. Crawford No. 3-99-22, 1999 Ohio App. LEXIS 6144 (Dec. 21, 1999) (when a court indicates that an issue is moot, it means that a determination of that issue is not necessary); *Black's Law Dictionary* 1161 (10th Ed.2014) (defining moot as "[h]aving no practical significance; hypothetical or academic").

than nine months until the trial court granted Cincinnati Insurance's motion for summary judgment and determined that all remaining pending motions were thereby rendered moot.

{¶ 33} Consideration of a motion to dismiss is restricted to the pleadings. *Lindow v. N. Royalton*, 104 Ohio App.3d 152, 159 (8th Dist.1995). The completion of discovery is therefore not relevant to the granting of a motion to dismiss. *Id.*; *State ex rel. Brantley v. Ghee*, 83 Ohio St.3d 521, 522 (1998). By contrast, a motion for summary judgment involves consideration of evidence beyond the pleadings and forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Lindow* at 159-160.

{¶ 34} As the Ohio Supreme Court held in a case involving a motion for summary judgment filed prior to the institution of any substantial discovery, a trial court "cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 123 (1983). By preventing CSI from conducting any discovery and by failing to address CSI's Civ.R. 56(F) motion prior to granting summary judgment in favor of Cincinnati Insurance, the trial court extinguished CSI's right to discovery, denied CSI a meaningful opportunity to oppose the motion for summary judgment, and abused its discretion in doing so. *See Mauzy*, 75 Ohio St.3d at 592; *Galland v. Meridia Health System, Inc.*, 9th Dist. Summit No. 21763, 2004-Ohio-1416; *Beal Bank S.S.B. v. Means*, 8th Dist. Cuyahoga No. 96252, 2011-Ohio-5922; *Mundy v. Roy*, 2d Dist. Clark No. 2005-CA-28, 2006-Ohio-993 (insured improperly denied discovery on his insurer bad faith claim).

{¶ 35} Cincinnati Insurance argues that discovery was unnecessary because all information relating to CSI's independent counsel's fees and the expenses CSI incurred due to its delayed acquisition were "indisputably exclusively in CSI's possession." However, CSI was not seeking discovery upon its counsel fees and expenses, but rather upon

whether those fees and expenses were needlessly incurred because Cincinnati Insurance unreasonably delayed settlement of Nucor's claims. Specifically, in order to effectively defend the motion for summary judgment, CSI had a right and a need to investigate whether Cincinnati Insurance had reasonable justification for moving to intervene and withdrawing settlement authority on the eve of mediation, failing to make an unequivocal coverage determination until three and one-half years after CSI originally notified Cincinnati Insurance of Nucor's claims, and requesting CSI to contribute toward settlement of the claims. CSI ought to have been permitted to discover information relating to these matters in the possession of Cincinnati Insurance. The trial court erred in denying CSI this opportunity.

{¶ 36} In light of our holding, CSI's further argument that the trial court abused its discretion when it disposed of CSI's Civ.R. 56(F) motion without first conducting a hearing is moot and need not be addressed.

{¶ 37} CSI's second assignment of error is sustained.

{¶ 38} Assignment of Error No. 1:

{¶ 39} THE TRIAL COURT ERRED BY GRANTING CINCINNATI INSURANCE'S MOTION FOR SUMMARY JUDGMENT[.]

{¶ 40} CSI argues the trial court erred in granting summary judgment in favor of Cincinnati Insurance regarding CSI's insurer bad faith claim. CSI argues that in light of (1) the timing of Cincinnati Insurance's motion to intervene, (2) Cincinnati Insurance's revocation of its prior communicated settlement authority to settle Nucor's claims for $200,000, (3) Cincinnati Insurance's denial it had a duty to indemnify CSI three years after it was notified of Nucor's claims, and (4) Cincinnati Insurance's demand that CSI contribute toward settlement, there are genuine issues of material fact as to whether Cincinnati Insurance breached its duty to act in good faith in defending and ultimately indemnifying CSI against Nucor's claims. However, given our resolution of CSI's second assignment of

error, this assignment of error is moot and need not be addressed. *See* App.R. 12(A)(1)(c); *Moore*, 2016-Ohio-1366; *Beal Bank*, 2011-Ohio-5922.

{¶ 41} The summary judgment granted in favor of Cincinnati Insurance is accordingly reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

S. POWELL, P.J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 42} I concur with the foregoing opinion and write only to provide additional reasoning. The trial court's decisions appear premised upon the idea that as a matter of law if a reservation of rights letter is issued by the insurer to the insured and the claim against the insured is eventually resolved, then any attorney fees incurred by the insured as a result of how the claim was processed are not recoverable in a bad faith cause of action against the insurer. However, such a premise does not operate as a matter of law and is, instead, controlled by the operative facts.

{¶ 43} There is not an abundance of precedent regarding summary judgment being granted without an opportunity for discovery. This is because courts liberally ensure that a nonmoving party has sufficient time and opportunity to develop the factual information which is needed to properly rebut the moving party. *Moore v. Trumbull Mem. Hosp.*, 11th Dist. Trumbull No. 2015-T-0020, 2016-Ohio-1366, ¶ 20. Ruling on summary judgment before an adequate opportunity for discovery is often premature. *Id.* at ¶ 25; *Galland v. Meridia Health Sys.*, 9th Dist. Summit No. C.A. No. 21763, 2004-Ohio-1416, ¶ 15. Therefore, a nonmoving party's Civ.R. 56(F) motion is generally accommodated unless it is unreasonable. *Moreland*

- 14 -

*v. E. Warther & Sons, Inc.*, 5th Dist. Tuscarawas No. 2015 AP 07 0036, 2016-Ohio-831; *Moore v. Shelby County Kentucky*, 6th Cir. No. 17-5273, 2017 U.S. App. LEXIS 23768 (Nov. 22, 2017).

**{¶ 44}** The nature of the litigation being pursued will influence the need for discovery. The processing of a claim against an insured entails a duty to exercise good faith. The timeliness and thoroughness of evaluating and processing the claim must be predicated upon circumstances that demonstrate a reasonable justification. *Ballard v. Nationwide Ins. Co.*, 7th Dist. Mahoning No. 14 MA 85, 2015-Ohio-4474, ¶ 13. Discovery is instrumental in ascertaining whether the circumstances transpired with reasonable justification. This remains true even if the claim against the insured is ultimately paid by the insurer. *Harris v. Transamerica Advisors Life Ins. Co.*, 6th Dist. Lucas No. L-15-1252, 2017-Ohio-341, ¶ 13.

**{¶ 45}** If there is a lack of reasonable justification for the manner in which a claim is processed, the duty to exercise good faith is breached. The inquiry then turns to whether a breach of the duty caused any loss. The economic loss flowing from an insurer's breach of good faith is recoverable by the insured as compensatory damages which can include attorney fees. *Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884 (N.D.Ohio 2015). Even where the insured has not demonstrated the existence of actual or punitive damages, an insured may recover attorney fees as compensatory damages for a breach of good faith. *TOL Aviation, Inc. v. Intercargo Ins. Co.*, 6th Dist. Lucas Nos. L-05-1308 and L-06-1050, 2006-Ohio-6061.

**{¶ 46}** Attorney fees incurred simply because an insured wants representation from his personal attorney, or simply because the insured received a reservation of rights letter from the insurer, does not mean the fees to hire the attorney are compensable as damages. However, in circumstances without reasonable justification regarding how a claim was

processed, and attorney fees were incurred due to those circumstances, then the attorney fees flowing from the breach of good faith may be considered as compensatory damages.

{¶ 47} Without any opportunity for discovery, one cannot valuate the factual support of CSI's allegation that Cincinnati Insurance breached a duty to exercise good faith in the handling of the claim lodged against CSI. For example, if Cincinnati Insurance determined it was obligated to provide coverage and properly evaluated the liability and value of the claim, there may be no reasonable justification to make it appear Cincinnati Insurance was denying coverage, other than to drive down the settlement value of the claim it would ultimately be paying. In others, a strategy employed to assist the insurer, but causing an economical loss to the insured, may result in a breach of good faith. The need would then be to determine what, if any, attorney fees were caused by the breach.

{¶ 48} With multiple unexplained circumstances taking place, CSI's allegations can only be established, or debunked, with the factual development that occurs through discovery. Thus, I concur in the reversing and remanding on the basis of the second assignment of error with no need to address the first assignment of error.

S. POWELL, P.J., concurs in the foregoing opinion.