[Cite as *Treinen v. Parrish*, 2013-Ohio-2271.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| TERRI TREINEN, et al., | : | |
| Plaintiffs-Appellants, | : | CASE NO. CA2012-08-171 |
| | : | O P I N I O N |
| - vs - | | 6/3/2013 |
| | : | |
| LEE PARRISH, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV12-01-0100

Gottesman & Associates LLC, Zachary Gottesman, 2121 URS Center, 36 East 7th Street, Cincinnati, Ohio 45243, for plaintiffs-appellants, Terri Treinen and Toni Neff

Reminger Co., L.P.A., Joseph W. Borchelt, 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202, for defendants-appellees, Lee Parrish and Parrish, Marcum, Kirka & Trokhan Co., LPA

**RINGLAND, P.J.**

{¶ 1} Plaintiffs-appellants, Terri Treinen and Toni Neff, appeal a decision of the Butler County Court of Common Pleas granting a motion for default judgment in favor of defendants-appellees, Lee Parrish and his law firm, Parrish, Marcum, Hirka & Trokham, Co. LPA.

{¶ 2} Appellants are the adult daughters of their deceased mother, Bobbie J. Diggs. It is appellants' contention that they were the intended beneficiaries of Ms. Diggs. Appellants contacted Parrish and informed him that their mother was ill and allegedly wished to leave her house to them upon death. Parrish then prepared a transfer-on-death affidavit for Ms. Diggs to execute. According to appellants, Ms. Diggs executed that affidavit on January 3, 2011.

{¶ 3} Ms. Diggs passed away on January 8, 2011, prior to Parrish filing the transfer-on-death affidavit for record. Appellants allege that Parrish informed them that the transfer-on-death affidavit was ineffective because it was not filed prior to Ms. Diggs' death.

{¶ 4} On January 10, 2012, appellants brought a legal malpractice action against appellees. On March 28, 2012, appellees moved for judgment on the pleadings, arguing that appellants' action must fail because no attorney-client privilege existed and appellants lacked privity. On August 3, 2012, the trial court issued an "entry granting defendant's motion for judgment on the pleadings" wherein it ordered that "Defendant's Motion for Default Judgment is granted."

{¶ 5} Appellants now appeal that entry, raising a single assignment of error for our review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 8} Within this assignment of error, appellants argue that "[t]he pleadings alleged material facts to support the claim that an attorney-client relationship existed between appellants and appellees."

{¶ 9} Based upon the entry of the trial court, we are unable to reach the merits of appellants' argument. The trial court's entry states that the matter was before the court "on

Defendants' Motion for Default Judgment." The court then ordered that "Defendants' Motion for Default Judgment is granted." There is nothing in the record to indicate that appellees' requested that their Civ.R. 12(C) motion for judgment on the pleadings be converted into a Civ.R. 55 motion for default judgment. The trial court provided no reasoning in its entry as to why the motion was converted into a motion for default judgment.[1]

{¶ 10} Accordingly, we must remand this matter to the trial court to rule on appellees' motion for judgment on the pleadings.

{¶ 11} Judgment reversed and remanded.

PIPER and M. POWELL, JJ., concur.

---

1. We note that even if this entry were intended to rule on the motion for judgment on the pleadings, we are provided with no analysis as to why the motion was granted.