[Cite as *Estate of Welch v. Taylor*, 2018-Ohio-4558.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

THE ESTATE OF FRANCIS M.
WELCH, et al.,

  Plaintiffs-Appellants,

  - vs -

THELMA R. TAYLOR, et al.,

  Defendants-Appellees.

:
:
:
:
:
:
:
:
:

CASE NO. CA2017-11-021

O P I N I O N
11/13/2018

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2017-4001

Craig T. Matthews and Associates, Craig T. Matthews, 320 Regency Ridge Drive, Centerville, Ohio 45459, for plaintiffs-appellants

Vorys, Sater, Seymour and Pease LLP, Daniel J. Buckley, Katherine G. Barnes, Great American Tower, 301 East Fourth Street, Suite 3500, Cincinnati, Ohio 45202, for defendants-appellees

**PIPER, J.**

{¶ 1} Plaintiffs-appellants, including the Estate of Francis Welch, appeal a decision of

the Clinton County Court of Common Pleas, Probate Division, dismissing their complaint and

ruling in favor of defendants-appellees, including Thelma Taylor.[1]

{¶ 2} Francis Welch ("Frank") was married to Janet Welch for over 50 years and one child was born issue of the marriage. The Welchs' only child passed away in 2008 and soon thereafter, Frank and Janet moved to a property in Wilmington, Ohio. There, Frank and Janet met Thelma Taylor and her husband Ed, who lived in the neighborhood. When Janet's health began to decline, Frank began spending more time with Thelma, who was almost 30 years his junior. Janet passed away in November 2013.

{¶ 3} Three weeks after Janet's death, Taylor completed paperwork changing the beneficiary on Frank's life insurance policies to herself and Frank signed the paperwork. The following week, Frank added Thelma to his bank account as an authorized signer and established Thelma as a joint tenant with right of survivorship. Approximately four months later, Frank signed a new will naming Thelma as the beneficiary of his tangible personal property. The rest of the will provided for distribution of Frank's estate equally among Frank's next-of-kin and a close family friend. Over the course of the next year, Frank made several inter vivos transfers to Thelma, including real property and interests in bank accounts.

{¶ 4} Frank passed away in 2015. Within weeks, Thelma collected the proceeds from Frank's life insurance policies, wrote checks from Frank's accounts, and withdrew sizeable amounts from Frank's bank accounts. In total, Thelma acquired more than $500,000 from Frank.

{¶ 5} Thelma, after being appointed executrix of Frank's estate, began the process of distributing the estate after Frank's passing. Administration of the estate concluded with the approval of a final and distributive account approximately a year after Frank's death. Each of

---

1. On appeal, Plaintiffs raise the following assignments of error. Assignment of Error No. 1: The Probate Court erred by granting Appellee's Motion for Summary Judgment as to the Appellants' claims regarding certain inter vivos transfers including: 1) Declaratory Judgment; 2) Undue Influence; 3) Conversion; 4) Unjust Enrichment; 5) and Tortious Interference with Expectancy of Inheritance. Assignment of Error No. 2: The trial court should have denied Appellee's Motion to Stay Discovery.

Frank's nieces and nephews ("Plaintiffs") received approximately $40,000 from the estate. However, Plaintiffs later filed a complaint in the Clinton County Court of Common Pleas, General Division, alleging that Thelma exercised undue influence upon Frank before his death. The general division court dismissed Plaintiffs' suit in an order granting judgment on the pleadings, finding that the probate court held proper jurisdiction over the matter. However, the general division's "Final Judgment" order did not include a transfer to the probate court, but rather, was a straight dismissal of "all claims by plaintiffs."

{¶ 6} Within days, Plaintiffs filed a complaint in the probate division alleging that the inter vivos transfers from Frank to Thelma were predicated upon undue influence, requesting declaratory judgment, and alleging that Thelma was liable for conversion and unjust enrichment. Thelma filed an answer, and the same day, filed a motion for summary judgment. Thelma also moved to stay discovery until the probate court ruled on her motion for summary judgment.

{¶ 7} Plaintiffs then filed a memorandum in opposition to Thelma's motion to stay discovery, as well as a motion to compel discovery requests including interrogatories and document production. Plaintiffs also filed a memorandum in opposition to Thelma's motion for summary judgment wherein they argued that Thelma's summary judgment motion was premature given that no discovery had occurred, and no scheduling orders were issued. Thelma then filed a reply memorandum in support of her motion for summary judgment, as well as a reply memorandum in support for her motion to stay discovery.

{¶ 8} The probate court held a hearing on the motions, with counsel for both parties present, and later issued a judgment entry finding in favor of Thelma and dismissing Plaintiff's complaint.[2] The probate court's entry indicates that it ruled upon "Defendant

---

2. The Ohio Supreme Court appointed a visiting judge to proceed over Plaintiffs' probate case.

Thelma Taylor's motion for judgment on the pleadings filed 11/22/16," which is an impossibility given that Plaintiffs filed suit in the probate court on April 6, 2017 and Thelma did not file a motion for judgment on the pleadings in response to Plaintiff's suit.

{¶ 9} The only pending motions before the court were Thelma's motions for summary judgment and to stay discovery, as well as Plaintiffs' motion to compel discovery. Thus, the probate court's ruling was a nullity because the motion on which it ruled was filed in a different court and had already been ruled upon. This is not a case where the trial court converted a party's motion for the sake of procedural efficiency.

{¶ 10} We are aware that a trial court has discretion to sua sponte convert certain motions under certain circumstances. *See, e.g., Loudin v. Radiology & Imaging Servs.*, 128 Ohio St.3d 555, 2011-Ohio-1817, ¶ 7-8 (recognizing appropriateness of trial court's conversion of appellant's motion to dismiss into a motion for summary judgment where both parties' arguments relied on facts outside the pleadings). However, this court has also recognized that a proper review of the trial court's order cannot occur if we are not first made aware of the circumstances leading to a trial court's conversion. *See Treinen v. Parrish*, 12th Dist. Butler No. CA2012-08-171, 2013-Ohio-2271, ¶ 9 (reversing the trial court's grant of default judgment and remanding with instructions that the trial court rule upon the motion actually filed by appellant, a motion for judgment on the pleadings).

{¶ 11} The probate court's entry clearly did not suffer from a mere typographical error by referring to an incorrect motion caption or an incorrect reference to what motion was before it. The probate court made specific reference to Thelma's motion for judgment on the pleadings and agreed with certain arguments made therein regarding whether Plaintiffs waived their arguments given that Frank's estate had been fully administered and closed. The court also cited, with approval, case law Thelma included "in support of her motion for judgment on the pleadings" before deciding that Thelma was "entitled to judgment on the

pleadings." The court further determined that Plaintiffs' motion to compel was moot given "the court's granting of [Thelma's] motion for judgment on the pleadings."

{¶ 12} The record is clear that the trial court ruled on a motion that was never before it, and one that had been decided by a different court. As such, the judgment of the probate court is reversed, and the cause is remanded. On remand, the probate court shall rule upon the proper motions; including Thelma's motion for summary judgment.[3]

{¶ 13} We understand the confusion associated with this case. There have been multiple complaints filed in different courts, as well as multiple motions filed by all parties involved. The probate court indicated that it had reviewed all pertinent filings and decisions related to Frank's estate and in so doing, ruled on a motion that was filed with a different court at a different time in those proceedings.

{¶ 14} However, the motion for summary judgment filed by Thelma is to be treated independently from the former case filed by Plaintiffs in the general division, as well as treated independently from the paperwork associated with the administration of Frank's estate. Thelma's motion is to be ruled upon solely as it relates to the most current complaint filed by Plaintiffs in the probate court.

{¶ 15} Plaintiffs' complaint alleged causes of action, including conversion and unjust enrichment, which are specific to inter vivos transfers made to Thelma by Frank. Not all of Plaintiffs' arguments involve Frank's will or estate, and not all implicate bequeaths paid by Frank's estate after his death. As such, the probate court shall determine what causes of action stated in Plaintiffs' complaint, if any, survive summary judgment.[4]

---

3. While Civ.R. 56(b) provides that a party against whom a claim is asserted, or a declaratory judgment is sought, "may, at any time, move with or without supporting affidavits for a summary judgment," it is wise to permit discovery given that a motion for summary judgment must be supported by facts. *Dresher v. Burt*, 75 Ohio St.3d 280, 281 (1996).

4. This court neither suggests nor espouses any given outcome regarding the probate court's future ruling on Thelma's motion for summary judgment.

{¶ **16**}   Judgment reversed, and the cause is remanded for further proceedings.

S. POWELL, P.J., and M. POWELL, J., concur.