[Cite as *Estate of Welch v. Taylor*, 2020-Ohio-6909.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| ESTATE OF FRANCIS WELCH, et al., | : | |
| Appellants, | : | CASE NO. CA2020-03-004 |
| | : | O P I N I O N |
| - vs - | | 12/28/2020 |
| | : | |
| THELMA R. TAYLOR, | : | |
| Appellee. | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2017-4001

Craig T. Matthews & Associates, LPA, Craig T. Matthews, 320 Regency Ridge Drive, Centerville, Ohio 45459, and Montgomery Jonson LLP, George D. Jonson, G. Todd Hoffpauir, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for appellants

Vorys Sater Seymour and Pease LLP, David F. Hine, Emily E. St. Cyr, 301 East 4th Street, Suite 3500, Cincinnati, Ohio 45202, for appellee

**RINGLAND, J.**

{¶1} Appellants, including the Estate of Francis Welch, appeal a decision of the Clinton County Court of Common Pleas, Probate Division, granting summary judgment in favor of appellee, Thelma Taylor. For the reasons detailed below, we reverse the probate court's decision and remand for further proceedings.

{¶2}    Francis Welch ("Frank") was married to Janet Welch for over 50 years and one child was born issue of the marriage.  The Welchs' only child passed away in 2008 and soon thereafter, Frank and Janet moved to a property in Wilmington, Ohio.  There, Frank and Janet met Thelma and her husband Ed, who lived in the neighborhood.  When Janet's health began to decline, Frank began spending more time with Thelma, who was almost 30 years his junior.  Janet passed away in November 2013.

{¶3}    Three weeks after Janet's death, Thelma completed paperwork changing the beneficiary on Frank's life insurance policies to herself.  Frank, who was infirm and legally blind, signed the paperwork.  The following week, Frank added Thelma to his bank account as an authorized signer and established Thelma as a joint tenant with right of survivorship. Approximately four months later, Frank signed a new will naming Thelma as the beneficiary of his tangible personal property.  The rest of the will provided for distribution of Frank's estate equally among Frank's next-of-kin and a close family friend.  Over the course of the next year, Frank made several inter vivos transfers to Thelma, including real property and interests in bank accounts.

{¶4}    Frank passed away in 2015. Within weeks, Thelma collected the proceeds from Frank's life insurance policies, wrote checks from Frank's accounts, and withdrew sizeable amounts from Frank's bank accounts.  In total, Thelma acquired more than $500,000 from Frank.

{¶5}    Thelma, after being appointed executrix of Frank's estate, began the process of distributing the estate after Frank's passing.  Administration of the estate concluded with the approval of a final and distributive account approximately a year after Frank's death. Each of Frank's nieces and nephews ("Plaintiffs") received approximately $40,000 from the estate.  However, Plaintiffs later filed a complaint in the Clinton County Court of Common Pleas, General Division, alleging that Thelma exercised undue influence upon Frank before

his death.  The general division court dismissed Plaintiffs' suit in an order granting judgment on the pleadings, finding that the probate court held proper jurisdiction over the matter. However, the general division's "Final Judgment" order did not include a transfer to the probate court, but rather, was a straight dismissal of "all claims by plaintiffs."

{¶6}    Within days, Plaintiffs filed a complaint in the probate division alleging that the inter vivos transfers from Frank to Thelma were predicated upon undue influence, requesting declaratory judgment, and alleging that Thelma was liable for conversion and unjust enrichment.  Thelma filed an answer, and the same day, filed a motion for summary judgment.  Thelma also moved to stay discovery until the probate court ruled on her motion for summary judgment.

{¶7}    Plaintiffs then filed a memorandum in opposition to Thelma's motion to stay discovery, as well as a motion to compel discovery requests including interrogatories and document production.  Plaintiffs also filed a memorandum in opposition to Thelma's motion for summary judgment wherein they argued that Thelma's summary judgment motion was premature given that no discovery had occurred, and no scheduling orders were issued. Thelma then filed a reply memorandum in support of her motion for summary judgment, as well as a reply memorandum in support for her motion to stay discovery.

{¶8}    The probate court held a hearing on the motions, with counsel for both parties present, and later issued a judgment entry finding in favor of Thelma and dismissing Plaintiffs' complaint.  The probate court's entry indicated that it ruled upon "Defendant Thelma Taylor's motion for judgment on the pleadings filed 11/22/16," which was an impossibility given that Plaintiffs filed suit in the probate court on April 6, 2017 and Thelma did not file a motion for judgment on the pleadings in response to Plaintiff's suit.  As a result, this court reversed and remanded this matter for rulings on the proper motions, including Thelma's motion for summary judgment.  *Estate of Welch v. Taylor*, 12th Dist. Clinton No.

CA2017-11-021, 2018-Ohio-4558, ¶ 12.

{¶9} On remand, the parties filed a joint statement of procedural history. One month later, the trial court ruled on Thelma's pending motion for summary judgment and awarded judgment in her favor. The trial court provided four reasons why it found summary judgment to be appropriate. First, the trial court found:

> [I]t is clear that what the Plaintiffs intended to do was to file a will contest, but that must fail because it should have been filed in this court, which it was not, and filed by October 1, 2015, which it clearly was not. This action was filed April 6, 2017, entirely too late.

{¶10} In addition, to ruling that the action was time barred, the trial court also found:

> Plaintiffs' claim must fail pursuant to R.C. 2109.35 which specified that an order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only…for fraud, but no fraud is alleged herein. Further, pursuant to R.C. 2117.06, claims are to be presented to the executor of the estate, in writing, within six months of the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. The Ohio Supreme Court has emphasized this section in its recent ruling in Wilson v. Lawrence, 2017 Ohio 1410, making it very clear that the code means what it says, and that the requirements of R.C. 2117.06(A)(1)(a) are mandatory.

{¶11} Finally, in addition to the other reasons listed, the trial court found that Plaintiffs' claims must fail, as they are barred by res judicata because Plaintiffs "filed and lost in the General Division."

{¶12} In a subsequent entry, the trial court granted attorney fees in favor of Thelma in the amount requested, $63,789. Plaintiffs now appeal, raising four assignments of error for review.

{¶13} Assignment of Error No. 1:

{¶14} THE PROBATE COURT ERRED BY NOT GRANTING BENEFICIARIES' REQUEST TO CONDUCT DISCOVERY IN ORDER TO RESPOND TO THE SUMMARY

JUDGMENT MOTION.

{¶15} In their first assignment of error, Plaintiffs argue the trial court erred by not granting their request to conduct discovery in order to respond to Thelma's motion for summary judgment. We agree.

{¶16} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-70 (1998).

{¶17} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶18} Civ.R. 56(F) provides that:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be

obtained or discovery to be had or may make such other order as is just.

{¶19} Civ.R. 56(F) thus affords a party a mechanism to seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery relevant to it. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.). When a party opposing a motion for summary judgment moves for a continuance pursuant to Civ.R. 56(F), a trial court may not grant the summary judgment motion without first considering and ruling upon the Civ.R. 56(F) motion. *Crane Serv. & Inspections, LLC v. Cincinnati Specialty Underwriters Ins. Co.*, 12th Dist. Butler No. CA2018-01-003, 2018-Ohio-3622, ¶ 27. A party need not specifically cite Civ. R. 56(F) to invoke the rule. *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 122 (1983).

{¶20} Furthermore, while "[a] trial court maintains the discretion to manage the discovery process," such discretion is not without limits. *Kolenich* at ¶ 19; *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 592 (1996). Although unusual, an appellate court will reverse a discovery order when the trial court has erroneously denied or limited discovery. *Mauzy* at 592. Thus, "an appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." *Id*.

{¶21} Following review, we find the trial court abused its discretion in failing to address Plaintiffs' Civ.R. 56(F) motion and in precluding them from conducting and obtaining discovery prior to granting summary judgment in favor of Thelma.

{¶22} As noted above, after Thelma moved for summary judgment, Plaintiffs filed a memorandum in opposition wherein they argued that Thelma's summary judgment motion was premature given that no discovery had occurred, and no scheduling orders were issued. In an affidavit, Plaintiffs' counsel alleged that Thelma had obtained a stay of

discovery in the general division preventing the discovery of "answers to interrogatories, documents in response to document production requests, responses to requests for admission, and deposition testimony." The affidavit also averred that "Plaintiffs cannot present depositions, answers to interrogatories, written admissions, and affidavits of the facts which may be essential to justify their opposition."

{¶23} In the prior appeal, we acknowledged that we understood the confusion associated with this case. There have been multiple complaints filed in different courts, as well as multiple motions filed by all parties involved. However, despite the claims raised in this case, there does not appear to have been any significant discovery. This may be because the trial court found it "clear that what the Plaintiffs intended to do was file a will contest."

{¶24} Though we need not exhaustively discuss the merits of this case, we note that review of the record reveals that Plaintiffs have not contested the validity of the will.[1] This is an action to recover assets that were allegedly transferred from the estate by its fiduciary to herself both before and after the decedent's death.[2]

{¶25} A party may seek to have property included in the estate assets even after the final inventory has been approved and the estate settled. *In re Estate of Lucitte*, 6th

---

1. On appeal, Thelma maintains that this case is barred by res judicata, but we find that argument is without merit. As previously noted, Plaintiffs did file an action in the general division, but the trial court dismissed that case on the basis that the probate court was the proper venue for the action. Rather, the appropriate venue for this action is the probate court. *In re Estate of Lucitte*, 6th Dist. Lucas No. L-10-1136, 2012-Ohio-390, ¶ 94. Additionally, "'[w]hen an inventory is filed and approved by the probate court without exceptions having been taken it is not res judicata to a [subsequent] action seeking to include other assets in the estate that were not in the approved inventory.'" *In re Estate of Kelsey*, 11th Dist. Lake No. 2004-L-099, 2006-Ohio-1171, ¶ 20, quoting *Eger v. Eger*, 39 Ohio App.2d 14 (8th Dist. 1974), paragraph three of the syllabus. Finally, we disagree, at least on the record currently, that R.C. 2109.35 or 2117.06 bar Plaintiffs' claims. First, as to R.C. 2109.35, Plaintiffs have not been permitted to conduct any discovery and, as held above, the trial court prematurely granted summary judgment in favor of Thelma. Next, R.C. 2117.06 applies to claims against an estate. Plaintiffs are not asserting a claim against the estate, but rather seek to invalidate several inter vivos transfers from decedent to Thelma. *See Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410.

2. Plaintiffs' complaint alleges claims for: (1) Declaratory Judgment, (2) Undue Influence, (3) Conversion, (4) Unjust Enrichment, and (5) Tortious Interference with Expectancy of Inheritance.

Dist. Lucas No. L-10-1136, 2012-Ohio-390, ¶ 93. That party may file an action in the court of common pleas at any time to seek recovery of his property from all but a bona fide purchaser for value without knowledge of another's equitable interest in the property. *Id.*, citing *Service Transport Co. v. Matyas*, 159 Ohio St. 300 (1953). Furthermore, the probate court has jurisdiction to hear declaratory judgments. R.C. 2101.24(A)(1)(l). The probate court has exclusive jurisdiction to determine whether inter vivos transfers were valid when the funds would revert to the estate if the transfers are invalidated. *Corron v. Corron*, 40 Ohio St.3d 75, 79-80 (1988); *Grimes v. Grimes*, 4th Dist. Washington Nos. 06CA56 and 06CA7373, 2007-Ohio-5653, ¶ 18.

{¶26} The fact pattern in this case is analogous to another action from the Ninth District, also not a will contest, involving similar transfers of property. In *Schiavoni v. Roy*, 9th Dist. Medina No. 11CA0108-M, 2012-Ohio-4435, decedent executed a will that appointed her son, Brian, as her executor and her daughter, Hallie, as her successor executor. *Id.* at ¶ 2. The will divided her estate equally between the two children. *Id.* On the same day, she also executed a durable power of attorney that named Brian as her attorney-in-fact. Following execution of the will and power of attorney, decedent developed dementia and moved into an assisted-living facility near Brian's home. *Id.* Brian and his wife visited decedent regularly and began handling her financial affairs. *Id.* at ¶ 3. While Hallie also visited when she was in town, she spent most of her time living out-of-state. *Id.* Decedent died in 2008. *Id.*

{¶27} At issue following decedent's death were two annuities decedent had at the time of her death. *Id.* at ¶ 4. One of the annuities was from the Hartford Life and Annuity Insurance Company. *Id.* Decendent purchased it in 2000 and initially named her children as co-beneficiaries. *Id.* In 2007, however, she designated Brian as the sole beneficiary. *Id.* The other annuity was from the Standard Life Insurance Company of Indiana. *Id.* Brian

purchased it for the decedent, allegedly at her direction, in February 2006. Brian was the sole beneficiary of the annuity. *Id.*

{¶28} Hallie sued Brian for conversion, breach of fiduciary duty, undue influence, unjust enrichment, and fraud, alleging that he had misappropriated assets that belonged to the decedent. *Id.* at ¶ 1. Following a bench trial, the probate court determined that the decedent lacked the mental capacity to change the beneficiary of the Hartford annuity. *Id.* It also determined that the change-of-beneficiary designation was presumptively the product of undue influence and that Brian had failed to rebut the presumption by credible evidence. *Id.* Regarding the Standard Life annuity, the probate court determined that Brian had failed to rebut the presumption that the purchase was not the result of undue influence. *Id.* As a result, the probate court ordered Brian to pay half of the Hartford death benefit to Hallie and to pay the Standard Life death benefit to the estate. *Id.*

{¶29} On appeal, Brian argued that the probate court lacked jurisdiction to hear the appeal because the annuities were not probate assets. *Id.* at ¶ 4. The probate court overruled Brian's argument because R.C. 2101.21(A)(1)(c) provides the probate court with exclusive jurisdiction to "direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." *Id.* at ¶ 6. That provision, in effect, provides the probate court with "full power to determine what property is lawfully included in an inventory as assets." *Id.*, quoting *In re Estate of Boone*, 7th Dist. Mahoning No. 09-MA-182, 2010-Ohio-6269, ¶ 36. Furthermore, the Ninth District also determined that jurisdiction was proper because the probate court also "has jurisdiction to hear and determine actions involving the misuse of a power of attorney." *Estate of Niemi v. Niemi*, 11th Dist. Trumbull No. 2008-T-0082, 2009-Ohio-2090, ¶ 36 (citing R.C. 2101.24[B][1][b]); *see also* R.C. 2101.24(A)(1)(m) (providing that "the probate court has exclusive jurisdiction * * * [t]o direct and control the conduct of fiduciaries").

{¶30} As in *Schiavoni*, the action currently before the probate court is not a will contest. It is an action to recover assets that were allegedly transferred from the estate by its fiduciary to herself both before and after the decedent's death. For that matter, Plaintiffs were not required to file their complaint within three months after the filing of certificate as required by R.C. 2107.76. Nor was the case barred by res judicata. As previously noted, Plaintiffs did file an action in the general division, but the trial court dismissed that case on the basis that the probate court was the proper venue for the action. Nor was this an action by a creditor of the estate that would be time-barred by R.C. 2117.06. *Embassy Healthcare v. Bell,* 155 Ohio St.3d 430, 2018-Ohio-4912, ¶ 29 (a *creditor* must present its claim for unpaid necessaries to the decedent's estate under R.C. 2117.06).

{¶31} To that end, we reiterate that there does not appear to be any appreciable discovery as to the claims made by Plaintiffs. To the extent that a vacation or order of settlement of account under R.C. 2109.35 requires a showing of fraud be presented within one year of the discovery of the fraud, we note that Plaintiffs' complaint falls well within one year of the account approval and alleges, inter alia, serious concerns of undue influence, conversion, and unjust enrichment, yet the Plaintiffs have been prevented from the discovery of information not in their possession, but which may be in the possession of Thelma who executed the contested agreements. While Plaintiffs have yet to ask for Thelma to be replaced with an independent fiduciary, their discovery, once received, may reveal the need for such a replacement.

{¶32} As the Ohio Supreme Court held in *Webb*, a trial court "cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 123 (1983). By preventing Plaintiffs from conducting any discovery and by failing to address their Civ.R. 56(F) motion prior to granting summary judgment in favor of Thelma,

the trial court extinguished Plaintiffs' right to discovery, denied them a meaningful opportunity to oppose the motion for summary judgment, and abused its discretion in doing so. *See, e.g., Crane*, 2018-Ohio-3622 at ¶ 34. Accordingly, we sustain Plaintiffs' first assignment of error.

{¶33} Assignment of Error No. 2:

{¶34} THE PROBATE COURT ERRED BY GRANTING [THELMA'S] MOTION FOR SUMMARY JUDGMENT AS TO THE BENEFICIARIES' CLAIMS REGARDING INTER VIVOS TRANSFERS: 1) DECLARATORY JUDGMENT; 2) UNDUE INFLUENCE; 3) CONVERSION; 4) UNJUST ENRICHMENT; AND 5) TORTIOUS INTERFERENCE WITH EXPECTANCY OF INHERITANCE.

{¶35} Assignment of Error No. 3:

{¶36} EVEN IF BENEFICIARIES' CLAIMS FOR DECLARATORY JUDGMENT, CONVERSION, AND UNJUST ENRICHMENT ARE FOUND TO BE BARRED ON JURISDICTIONAL GROUNDS, THE PROBATE COURT ERRED IN GRANTING [THELMA] SUMMARY JUDGMENT WITH RESPECT TO BENEFICIARIES' UNDUE INFLUENCE AND INTENTIONAL INTERFERENCE WITH THE EXPECTANCY OF INHERITANCE CLAIMS.

{¶37} In their second and third assignments of error, Plaintiffs argue the trial court erred in granting summary judgment in favor of Thelma. However, given our resolution of Plaintiffs' first assignment of error, these assignments of error are well taken and sustained and the summary judgment granted to Thelma is reversed.

{¶38} Assignment of Error No. 4:

{¶39} THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO [THELMA] PURSUANT TO R.C. 2323.51.

{¶40} In their fourth assignment of error, Plaintiffs argue the trial court erred by

awarding attorney fees to Thelma.  Because we sustained Plaintiffs' first assignment of error, we reverse and vacate the award of attorney fees to Thelma pursuant to R.C. 2323.51.  Plaintiffs' fourth assignment of error is sustained.

{¶41}  The summary judgment granted in favor of Thelma is accordingly reversed and the matter is remanded for further proceedings consistent with this opinion.  The award of attorney fees to Thelma is vacated.

{¶42}  Judgment reversed, vacated in part, and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.