[Cite as *In re Estate of Welch*, 2024-Ohio-32.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| IN RE: | : | |
| | | CASE NO. CA2023-03-004 |
| ESTATE OF FRANCIS M. WELCH, | : | |
| DECEASED | | O P I N I O N |
| | : | 1/8/2024 |
| | : | |
| | : | |
| | : | |


APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. C20151076


Craig T. Matthews & Associates, LPA, and Craig T. Matthews and Jeffrey J. Wren, for appellant.

Vorys Sater Seymour and Pease LLP, and David F. Hine and Emily E. St. Cyr, for appellee.


**M. POWELL, J.**

{¶ 1} Appellant, Sherry McCauley ("McCauley"), appeals a decision of the Clinton Court of Common Pleas, Probate Division, denying her application to be appointed administratix of the Estate of Francis M. Welch.

{¶ 2} Prior to the November 2013 death of his wife Janet, Francis Welch ("Frank")

began spending time with Thelma Taylor ("Taylor"), a neighbor who was almost 30 years his junior. Three weeks after Janet's death, Taylor completed paperwork changing the beneficiary on Frank's life insurance policies to herself. Frank, who was infirm and legally blind, signed the paperwork. The following week, Frank added Taylor to his bank account as an authorized signer and established her as a joint tenant with right of survivorship. In April 2014, Frank signed a new will naming Taylor as the beneficiary of his tangible personal property. The will nominated Taylor as executrix; in the event Taylor would be unable to serve, the will nominated McCauley as an alternate executrix. Over the course of the year, Frank made several inter vivos transfers to Taylor.

**{¶ 3}** Frank died on April 18, 2015. Frank's next-of-kin were several nephews and nieces, including McCauley (collectively referred to as "the heirs"). Frank's will bequeathed his tangible personal property to Taylor. The heirs and a close family friend were the residuary beneficiaries in Frank's will. On May 6, 2015, the will was admitted to probate and Taylor was appointed as executrix of Frank's estate.

**{¶ 4}** Taylor filed an inventory and appraisal. The heirs filed exceptions to the inventory, claiming that several items had been omitted from the inventory, including, "[o]ther presently unknown property wrongfully taken by Thelma Taylor while decedent, who was legally blind, disabled and a grieving widower, was under duress and/or lacked capacity to gift." The heirs subsequently withdrew their exceptions. Taylor filed a final and distributive account on June 13, 2016. The heirs waived notice of hearing on the account and consented to its approval by the probate court. On July 14, 2016, the probate court approved the final and distributive account and discharged Taylor from her duties as executrix. Each of the heirs received approximately $40,000 from the estate.

**{¶ 5}** In the interim, in late 2015, the heirs' legal counsel sent a letter to Lauren Raizk, the estate attorney, "requesting pursuant to R.C. 2107.46, that the Estate

commence an action against Thelma Taylor for wrongful conversion of assets belonging to decedent." No such action was commenced by the estate and the heirs did not pursue such an action.

{¶ 6} On October 13, 2016, the heirs filed a complaint in the Clinton County Court of Common Pleas, General Division, against Taylor, asserting claims for a declaratory judgment, undue influence, conversion, unjust enrichment, and tortious interference with expectancy of inheritance. The complaint generally alleged that Frank was blind and infirm and that Taylor manipulated him to change his will, change the beneficiary on his life insurance policies to her, and make several inter vivos transfers of his property to Taylor. Taylor moved for judgment on the pleadings. The general division court dismissed the heirs' lawsuit in an order granting judgment on the pleadings, finding that the probate court held proper jurisdiction over the matter.

{¶ 7} On April 6, 2017, the heirs filed a complaint in the probate division alleging that the inter vivos transfers from Frank to Taylor were predicated upon undue influence, requesting declaratory judgment, and alleging that Taylor was liable for conversion and unjust enrichment. Taylor moved for summary judgment. Taylor also moved to stay discovery until the probate court ruled on her motion for summary judgment.

{¶ 8} On October 19, 2017, the probate court issued a judgment entry dismissing the heirs' claims and granting Taylor's "motion for judgment on the pleadings," a motion that was never before the probate court. On appeal, we reversed the judgment, finding that the probate court erred by dismissing the case pursuant to judgment on the pleadings when the motion before it was for summary judgment. *Estate of Welch v. Taylor*, 12th Dist. Clinton No. CA2017-11-021, 2018-Ohio-4558. We remanded the matter for the probate court to rule on the proper motions, including Taylor's motion for summary judgment. We held,

- 3 -

> [The heirs'] complaint alleged causes of action, including conversion and unjust enrichment, which are specific to inter vivos transfers made to Taylor by Frank. Not all of [the heirs'] arguments involve Frank's will or estate, and not all implicate bequeaths paid by Frank's estate after his death. As such, the probate court shall determine what causes of action stated in [the heirs'] complaint, if any, survive summary judgment.

*Id.* at ¶ 15.

{¶ 9} On remand, and without permitting the heirs to conduct discovery, the probate court granted summary judgment to Taylor and dismissed the heirs' complaint. On appeal, we once again reversed the probate court's decision and remanded, holding that the probate court "abused its discretion in failing to address [the heirs'] Civ.R. 56(F) motion and in precluding them from conducting and obtaining discovery prior to granting summary judgment in favor of Taylor." *Estate of Welch v. Taylor*, 12th Dist. Clinton No. CA2020-03-004, 2020-Ohio-6909, ¶ 21.

{¶ 10} On remand, the heirs filed a motion to compel discovery on June 23, 2022, seeking a box of Frank's records that Taylor had provided to Raizk, the estate attorney, and compelling Taylor to execute a medical authorization to allow the heirs to obtain Frank's medical records. The probate court summarily denied the heirs' motion to compel discovery and awarded attorney fees to Taylor.

{¶ 11} On October 3, 2022, the heirs served Raizk with a subpoena duces tecum seeking the records Taylor had given to Raizk. Raizk moved to quash the subpoena. On October 6, 2022, before the heirs could respond to the motion to quash, the probate court summarily granted the motion and ordered the subpoena quashed. In November 2022, the heirs filed a notice to depose Raizk; Raizk moved for a protective order. Within hours of Raizk's filing, the probate court granted her motion for protective order against being deposed by the heirs.

{¶ 12} In the case at bar, on October 31, 2022, McCauley filed an application to

reopen Frank's estate and an application to be appointed administratrix for the purpose of obtaining Frank's records that Taylor had given to Raizk and to execute a medical authorization for Frank's medical records. On January 30, 2023, without analysis, the probate court denied McCauley's application to administer Frank's estate. The probate court did not address McCauley's application to reopen the estate.

{¶ 13} McCauley appeals the probate court's decision, raising one assignment of error:

{¶ 14} THE PROBATE COURT ERRED BY FAILING TO APPOINT APPELLANT AS ADMINISTRATOR OF THE ESTATE.

{¶ 15} As stated above, the probate court never ruled upon McCauley's application to reopen the estate. Rather, the court ruled only upon McCauley's application to administer Frank's estate, denying it. Generally, when a trial court fails to rule on a motion, the appellate court will presume that the trial court overruled the motion. *Hoppes v. Hoppes*, 12th Dist. Fayette No. CA2013-03-006, 2014-Ohio-447, ¶ 37; *In re Estate of Ryan*, 11th Dist. Lake No. 2010-L-075, 2011-Ohio-3891, ¶ 22. McCauley has not appealed the denial of her application to reopen the estate. Having failed to do so, McCauley waived any argument relative to the application to reopen the estate on appeal. *Ingram v. Glavin*, 8th Dist. Cuyahoga No. 111931, 2023-Ohio-1290, ¶ 60. We will, therefore, only address the probate court's denial of McCauley's application to administer the estate.

{¶ 16} McCauley argues the probate court erred in denying her application to be appointed administratix of the estate. McCauley asserts that the probate court should have appointed her administratix under R.C. 2113.12 because Frank's will named her as an alternate executor, she is suitable and competent, and Taylor has "effectively renounced" when she neglected to reopen the estate and declined to turn over Frank's

- 5 -

records and execute the medical authorization.

{¶ 17} R.C. 2113.12, titled "Procedure if executor renounces," provides that

> If a person named as executor in the will of a decedent, or nominated as an executor by holders of a power as described in [R.C.] 2107.65, refuses to accept the trust, or, if after being served notice for that purpose, neglects to appear and accept, or if the person named or nominated as executor neglects for twenty days after the probate of the will to give any required bond, the probate court shall grant letters testamentary to the other executor, if there is one capable and willing to accept the trust, and if there is no other executor named in the will or nominated by holders of a power as described in [R.C.] 2107.65, the court shall commit administration of the estate, with the will annexed, to some suitable and competent person, pursuant to [R.C.] 2113.05.

{¶ 18} We find that R.C. 2113.12 is not applicable here because the three alternate conditions for the statute to apply are not met. Taylor did not refuse to accept the trust, did not neglect to appear and accept the trust, and did not neglect to give any required bond for 20 days after the probate of the will. She, therefore, did not renounce. Instead, we address the probate court's denial of McCauley's application to be appointed administratix under R.C. 2113.05. That statute provides, in relevant part, "When a will is approved and allowed, the probate court shall issue letters testamentary to the executor named in the will or to the executor nominated by holders of a power as described in [R.C.] 2107.65, or to the executor named in the will and to a coexecutor nominated by holders of that power, if the executor or coexecutor is suitable, competent, accepts the appointment, and gives bond if that is required." Thus, R.C. 2113.05 mandates that the probate court issue letters testamentary to the executor named in the will if the person so named is "suitable, competent, accepts the appointment, and gives bond if that is required." *In re Estate of Pfahler*, 64 Ohio App.3d 331, 332 (3d Dist.1989).

{¶ 19} The determination of whether an applicant for letters testamentary is a suitable person under R.C. 2113.05 lies within the sound discretion of the probate court;

- 6 -

an order granting or denying letters of appointment will not be reversed on appeal absent an abuse of discretion. *In re Estate of Henne*, 66 Ohio St.2d 232 (1981), paragraph one of the syllabus. "In accordance with R.C. 2113.05, a 'suitable' person qualified for appointment as executor is an applicant who is *reasonably disinterested* and in a position to *reasonably fulfill* the obligations of a fiduciary." (Emphasis sic.) *Id.* at paragraph two of the syllabus. In assessing whether an applicant is reasonably disinterested, "[w]hile acknowledging deference to the testator's nomination of an executor, the court * * * may consider factors including, but not limited to: (1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict." *Id.* at paragraph three of the syllabus.

{¶ 20} We find that the probate court did not abuse its discretion in denying McCauley's application to administer the estate. McCauley sought to be appointed administrator of Frank's estate for the purpose of obtaining Frank's records which Taylor gave to Raizk and to execute a medical authorization for Frank's medical records. McCauley believes that these records will shed light upon whether the inter vivos transfers Frank made to Taylor were legitimate as opposed to being the product of undue influence, or made without donative capacity to do so. In other words, McCauley seeks to be appointed administrator of Frank's estate to obtain records that could bolster the heirs' lawsuit against Taylor for conversion, unjust enrichment, and improper inter vivos transfers. Hostility and distrust among the parties are a consideration for a finding of unsuitability. *In re Estate of Henne*, 66 Ohio St.2d at 237. So are monetary conflicts. *Id.* Due to McCauley's interest in the litigation between the heirs and Taylor, and the hostility and distrust among the parties, McCauley is unsuitable to determine whether it is in the best interest of the estate to consent to the release of Frank's records in Raizk's

possession and to execute a medical authorization for Frank's medical records.

**{¶ 21}** McCauley's assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.